# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOANNE BASKOW | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N22C-10-424 DJB |
| | ) | |
| THE CENTER AT EDEN HILL | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted:
Date Decided:

### *Order On Defendant's Motion to Dismiss for*
### *Failure to Comply with 18 Del. C. § 6853 -* **DENIED**

Having considered Defendant's Motion to Dismiss, Plaintiff's responses thereto, oral arguments of the parties and the record in this matter; the Court finds the following:

(1)    This Motion arises out of a healthcare medical negligence suit filed by Plaintiff Joanne Baskow ("Plaintiff"), against The Center at Eden Hill. ("Defendant").

(2)    Section 6853(a)(1) of Title 18 of the Delaware Code provides that all healthcare negligence complaints must be accompanied by "[a]n affidavit of merit as to each defendant signed by an expert witness . . . and accompanied by a current

*curriculum vitae* of the witness, stating that there are reasonable grounds to believe that there has been health-care medical negligence committed by each defendant."[1]

(3)     OnMarch 31, 2023, Defendant requested an *in camera* review of the Affidavit of Merit and *curriculum vitae* submitted by Plaintiffs in connection with the Complaint to determine whether those documents comply with 18 *Del. C.* §§ 6853(a)(1) and (c).[2]

(4)     After reviewing the Affidavit of Merit and the accompanying *curriculum vitae*, the Court found the submitted Affidavit insufficient in that failed to state that the witness was engaged "in the same or similar field of medicine as the defendant or defendants"…"in the 3 years immediately preceding the alleged negligent act[s]."[3]  The Affidavit was not clear that the background and expertise of this purported expert is in the field of care that is being alleged to have been breached.  Without more and in comparison to the specialties listed in the *curriculum vitae,* the Court could not establish a link between these practice areas.  As a result, Plaintiff was given thirty (30) days to amend the Affidavit.

---

[1]     18 *Del. C.* § 6853(a)(1).
[2]     *Joanne Baskow v. The Center at Eden Hill*, N22C-10-424 DJB, D.I. 9.
[3]     *Joanne Baskow v. The Center at Eden Hill*, N22C-10-424 DJB, ORDER, May 19, 2023; D.I. 11, *citing* 18 *Del. C.* § 6853(c).

(5)    On August 9, 2023, the instant Motion to Dismiss was filed based upon the fact that Plaintiff had not filed an updated Affidavit of Merit in accordance with the time allotted by the Court in its May 19, 2023, Order.[4]

(6)    On September 12, 2023, the Court sent Plaintiff a letter advising them of the missed deadline to file a response to the Motion to Dismiss.  The Court then gave Plaintiff until close of business on September 13, 2023, to file a response.[5]

(7)    On September 14, 2023, the Court received a letter from Plaintiff's counsel advising of issues with File & Serve Express, and stating that due to the ongoing issues, Plaintiff was unaware of the deadline for both the amended Affidavit of Merit or the response to the Motion to Dismiss.[6]  Plaintiff sought, and was granted,[7] an extension until September 18, 2023, to file a response.  The updated Affidavit of Merit was filed along with the September 14 letter.[8] Defendant opposed the extension of time.[9]

(8)    Argument was held on the instant Motion on September 26, 2023.  At which time Plaintiff advanced the position that an attempt was made by members of counsel's firm to file the updated Affidavit of Merit sometime in the beginning of August, 2023.  Plaintiff's counsel asserted that the updated Affidavit was accepted

---

[4]    D.I. 12.
[5]    D.I. 14.
[6]    D.I. 15.
[7]    D.I. 16.
[8]    Exhibit A, D.I. 15.
[9]    D.I. 17.

by a member of Superior Court prothonotary staff, but Plaintiff did not bring a copy, and therefore did not receive a clocked-in copy of this filing. It was asserted at the hearing that it was only during a routine check of the dockets in each of the firm's cases, did counsel learn of the Court's Order and the need to file an updated Affidavit. Plaintiff's counsel indicated that their firm has been in touch with Lexis File & Serve in an attempt to correct the issue of them not receiving notices of filings.[10] The Court requested documentation of this correspondence and such documentation was provided the same day.[11]

(9) In the spirit of Delaware practice, Defense counsel acknowledged the arguments of Plaintiff counsel and accepted them as the Court will do now. The Court has concerns regarding the series of events that has occurred, but will nonetheless accept the version of events relayed by counsel with the admonition that now having knowledge of potential Lexis File & Serve notice issues, counsel should make a more frequent docket checks to ensure no filings are not missed.

(10) The Court will take this opportunity now to review the updated Affidavit of Merit filed and assess its compliance with 18 *Del. C.* § 6853. In so

---

[10]     *See generally Oral Argument on Def. Mtn. to Dismiss*, D.I. 20.
[11]     D.I. 19. The Court inquired with Prothonotary staff as to whether or not there have been other complaints of lack of notice going to counsel from Lexis File & Serve to staff's knowledge; it was reported that the Prothonotary was unaware of any similar issues.

reviewing, the Affidavit now closes the gaps regarding the Court's initial concerns

a satisfies 18 *Del. C.* § 6853.[12]

(11) Accordingly, the Motion to Dismiss is DENIED.

**IT IS SO ORDERED, this 25th day of October, 2023.**

_____
Danielle J. Brennan, Judge

Original to Prothonotary

---

[12] *See Dishmon v. Fucci*, 32 A.2d 338, 342-343 (Del. 2011) ("…while the requirements of Section 6853 play an important role in preventing frivolous claims, they are purposefully minimal.").